UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAS TRANSMISSION NORTHWEST LLC AND TUSCARORA GAS TRANSMISSION COMPANY,<br><br>            Plaintiffs,<br><br>      v.<br><br>COCHRANE EXTRACTION PARTNERSHIP, COCHRANE EXTRACTION PLANT LTD., INTER PIPELINE EXTRACTION LTD., AND INTER PIPELINE LTD.,<br><br>            Defendants. | No.  2:21-cv-01513-JAM-AC<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY** |

Before the Court is Cochrane Extraction Partnership, Cochrane Extraction Plant Ltd., Inter Pipeline Extraction Ltd., and Inter Pipeline Ltd.'s (collectively, "Defendants") motion to stay the instant action filed by Gas Transmission Northwest LLC and Tuscarora Gas Transmission Company ("Plaintiffs") until the resolution of a related suit in Canada.  Defendants request the Court exercise its jurisdiction to stay the instant case pursuant to the principles of Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976).  See Mot. to Stay

1

("Mot."), ECF No. 40.  Plaintiffs oppose the motion.  See Opp'n, ECF No. 44.  Defendants replied.  See Reply, ECF No. 45.

For the reasons set forth below, the Court DENIES Defendants' motion.[1]

I.  FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff Gas Transmission Northwest LLC is a Delaware limited liability company operating a natural gas pipeline system in Idaho, Washington, and Oregon; Plaintiff Tuscarora Gas Transmission Company is a Nevada general partnership operating a pipeline system in Nevada and California.  Compl., ECF No. 1 ¶¶ 8-9, Mot. at 4.  Defendants are Canadian entities operating an energy infrastructure business that processes, transports, and stores energy products across Western Canada.  Compl. ¶¶ 10-12, Mot. at 3.  On August 23, 2021, Plaintiffs filed suits against Defendants in this district and Alberta, Canada, stemming from Defendants' alleged use of chemical MEA-triazine to treat gas at their Cochrane Extraction Plant in Canada; the treated gas then allegedly travelled through Plaintiffs' pipelines in Idaho, Washington, Oregon, Nevada, and California, causing damage to Plaintiffs' pipeline infrastructure.  See Compl.  In the Canadian suit, Plaintiffs have brought claims of negligence, negligent misrepresentation, strict liability, and nuisance; in the instant case, Plaintiffs have brought claims of nuisance, negligence, negligent misrepresentation, and trespass.  Mot. at 2-3.  The

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g). The hearing was scheduled for May 9, 2023.

1  Canadian lawsuit also includes additional plaintiffs Nova Gas
2  Transmission Ltd., Foothills Pipe Lines Ltd., Foothills Pipe
3  Lines (Alta) Ltd., and Foothills Pipe Lines (South B.C.).  Id. at
4  3.  Defendants allege that the two lawsuits share similar
5  language, underlying facts, and requests for relief.  Mot. at 3.
6  Also, Defendants allege that the Canadian suit has completed
7  discovery and has progressed to the deposition stage.  Id.
8    On January 24, 2022, Defendants filed a motion to dismiss
9  the complaint.  See Mot. to Dismiss, ECF No. 22.  A couple of
10 months later, Defendants filed an amended motion to dismiss,
11 seeking dismissal on several grounds.  See Amended Mot. to
12 Dismiss, ECF No. 27.  The Court granted Defendants' motion in
13 part, specifically dismissing Plaintiffs' negligent
14 misrepresentation claim as untimely, and denied the rest of the
15 motion.  Order, ECF No. 32 at 19. Following the filing of the
16 Court's Order on the motion to dismiss, Defendants filed their
17 motion to stay the instant case.
18
19                         II.   OPINION
20    A.   Judicial Notice
21    Defendants ask the Court to take judicial notice of nine
22 documents.  See Req. for Judicial Notice ("RJN"), ECF No. 40-3.
23 Plaintiffs do not oppose the request.
24    Under Federal Rule of Evidence 201, a district court may
25 take judicial notice of a fact that is "not subject to reasonable
26 dispute because it can be accurately and readily determined from
27 sources whose accuracy cannot reasonably be questioned."  Fed. R.
28 Evid. 201(b)(2).  A court may therefore take judicial notice of

court filings and other matters of public record.  Reyn's Pasta Bella LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

The Court grants Defendants' request for judicial notice for all requested documents pursuant to Rule 201.  However, as to Exhibit A, Plaintiffs' Statement of Claim, "it is well-settled that allegations in pleadings are not evidence." Juniper Networks Inc., v. SSL Services, LLC, No. C08-5758 SBA, 2009 WL 3837266, at *3 (N.D. Cal. Nov 16, 2009).  For this reason, the Court takes notice of the fact that a certain complaint was filed in Alberta, Canada, but the Court declines to take notice of any allegations contained within the complaint for the truth of the facts asserted.

B. Legal Standard

"A district court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997).  However, a district court has a "virtually unflagging obligation" to exercise jurisdiction over federal cases, including those involving parallel state litigation, absent a showing of "exceptional circumstances" such that deferring to the state court would "clearly serve a countervailing interest." Colorado River, 424 U.S. at 813, 817; Minucci v. Agrama, 868 F.2d 1113, 1115 (9th Cir. 1989).

The Ninth Circuit has outlined eight factors a court must consider when assessing the appropriateness of a Colorado River stay: (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in

1   which the forums obtained jurisdiction; (5) whether federal law
2   or state law provides the rule of decision on the merits;
3   (6) whether the state court proceedings can adequately protect
4   the rights of the federal litigants; (7) the desire to avoid
5   forum shopping; and (8) whether the state court proceedings will
6   resolve all issues before the federal court (the "parallelism"
7   factor).  Seneca Ins. Co., Inc. v. Strange Land, Inc., 862 F.3d
8   835, 841–42 (9th Cir. 2017).  These factors are examined in a
9   "pragmatic, flexible manner with a view to the realities of the
10  case at hand."  Id. at 842.  Any doubt as to whether a factor is
11  applicable should be resolved against a stay.  R.R. St. & Co.
12  Inc. v. Transp. Ins. Co., 656 F.3d 966, 979 (9th Cir. 2011).  The
13  Ninth Circuit has stated that this analysis applies to
14  proceedings in foreign jurisdictions as well and that foreign
15  courts are owed no greater deference than state courts.
16  Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines, 925 F.2d
17  1193, 1195 (9th Cir. 1991).
18       The Ninth Circuit has further held that a district court may
19  grant a stay under Colorado River only if it has "full confidence
20  that the parallel state proceeding will end the [federal]
21  litigation;" this factor is dispositive.  Intel Corp. v. Advanced
22  Micro Devices, Inc., 12 F.3d 908, 913 (9th Cir. 1993).
23       C.   Analysis
24            1.   Resolution of All Issues Before the Court
25       Defendants' motion is notably silent on whether or not the
26  Canadian suit will resolve all issues before this Court.
27  Plaintiffs contend that a stay cannot be granted because there is
28  substantial doubt that the Canadian suit will resolve all issues

in the instant case. Opp'n at 9. Plaintiffs argue that the Canadian suit contains parties that are not present in the instant case and that each suit has a claim absent in the other; the instant case contains a trespass claim and the Canadian case contains a strict liability claim. Id. at 9-10. Plaintiffs also argue that Canadian law has different standards of proof and damage awards. Id. at 10. In their reply brief, Defendants respond that the two suits are parallel because they are substantially similar in that both suits cover the same relevant conduct, involve the same relevant parties, and have nearly identical claims. Reply at 5. The Court disagrees and finds that the suits are not parallel.

The Ninth Circuit has stated that parallelism is a necessary condition for a stay under Colorado River because such a stay "necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case." Intel Corp., 12 F.3d at 913. In the instant case, the parties do not dispute that this suit contains a substantive claim that is not present in the Canadian case: trespass. The Canadian suit cannot resolve the trespass claim because Plaintiffs have not raised that claim in the Canadian forum; therefore, there exists substantial doubt that the Canadian suit will resolve all of the disputed issues in the instant case, precluding the grant of a stay. See United States v. State Water Res. Control Bd., 988 F.3d 1194, 1208 (9th Cir. 2021) (finding that a stay was not appropriate because the "state proceeding [could not] resolve the United States' intergovernmental immunity claim because the United States [had] not raised such a claim in

that forum.").

## 2. Remaining Factors

The Court need not consider the remaining Colorado River factors, because the issue of parallelism is dispositive.

## III. SANCTIONS

This Court issued its Order re Filing Requirements ("Filing Order") on August 24, 2021. ECF No. 3-2. The Filing Order limits reply memoranda to five pages. Filing Order at 1. The Filing Order also states that an attorney who exceeds the page limit must pay monetary sanctions of $50 per page. Id. Defendants exceeded the Court's five-page limit on reply memoranda by one page. See Reply. The Court therefore ORDERS Defendants' counsel to pay $50.00 to the Clerk for the Eastern District of California no later than seven days from the date of this Order.

## IV. ORDER

For the reasons set forth above, the Court DENIES Defendants' motion to stay.

IT IS SO ORDERED.

Dated: July 28, 2023

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

7